IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHAWN HOWARD WELLER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, ATTORNEY GENERAL OF THE STATE OF MONTANA, et al.,<br><br>Respondents. | Cause No. CV 16-65-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Shawn Howard Weller's application for writ of habeas corpus under 28 U.S.C. § 2254. Weller is a state prisoner proceeding pro se.

**I. Order**

Despite being previously denied counsel and provided with and explanation of the reasons for denial, *See* (Doc. 7), Mr. Weller seeks yet again to the Court appoint him counsel. (Doc. 8). Additionally, based apparently upon either this Court's denial of counsel or directive to Weller to explain why his petition should not be deemed time-barred, Weller perceives bias on the part of the Court and seeks recusal. *Id*. However, "judicial rulings alone almost never constitute a valid

1

basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Likewise, Weller has not established that a basis to reasonably question this Court's impartiality. See, 28 U.S.C. § 455(a). Accordingly, Weller's motion for recusal and/or the appointment of counsel (doc. 8) is **DENIED**.

## II. Procedural History

Because Weller cites to court proceedings and convictions pre-dating the 2012 revocation hearing at issue in his petition, some additional background is necessary.

### ▪ 2002 Partner/Family Member Assault Conviction

On July 22, 2002, Weller was arrested for 4th offense (felony) Partner/Family Member Assault (PFMA) following an altercation with his wife. (Doc. 9-1 at 3-9.) Weller concedes that he had pled guilty to prior PFMA offenses, and that on September 11, 2002, he "took a plea deal" for the 2002 charge. (Doc. 9 at 3, 5.) A records review confirms that Weller was convicted of the 2002 felony PFMA.[1] It does not appear that there was any direct appeal or collateral challenged made to this conviction.

### ▪ 2008 Driving Under the Influence of Alcohol Conviction

While he was on parole for the 2002 PFMA, Weller was arrested for Driving

---

[1] See e.g., https://app.mt.gov/conweb/Home/OffenderNumber/2034208 (accessed October 17, 2016).

under the Influence of Alcohol in Lewis and Clark County.[2] After posting bond, Weller absconded; the charge was subsequently amended to a felony. Weller was ultimately arrested in Texas and returned to Montana in March of 2007. *Id*.

In March of 2008, a jury convicted Weller of felony driving under the influence of alcohol. At trial, Weller attempted to advance a defense of involuntary intoxication. The trial court designated Weller a persistent felony offender and sentenced him to twenty-two years with the Montana Department of Corrections with seventeen of the years suspended. Weller filed a timely direct appeal challenging the trial court's refusal to give an instruction on involuntary intoxication. The Montana Supreme Court affirmed the conviction. *See State v. Weller*, 2009 MT 168, 350 Mont. 485, 208 P. 3d 834.

In June of 2009, Weller filed a petition for postconviction relief and argued that the jury was improperly instructed and that trial counsel and appellate counsel were ineffective. On August 4, 2009, the trial court denied Weller's petition. *See e.g. Weller v. State*, 2012 MT 117N, Or, at ¶ 4 (Mont. May 29, 2012). Weller did not appeal this decision.

Weller next filed a petition for a writ of habeas corpus in the state court, arguing there were inaccuracies and alterations in the trial transcript, and he was, therefore, denied a complete record. *See Weller v. Mahoney*, OP 09-0415, Or.

---

[2] See, *Weller v. Mahoney*, OP 10-0566, Or. at 1 (Mont. Feb. 2, 2011).

(Mont. Aug. 20, 2009).[3] The Court determined because these issues could have been raised on direct appeal or collaterally in postconviction proceedings, they were not properly before the court in habeas. The Court dismissed the petition. *Id*. at 2.

In May of 2010, Weller filed a federal habeas petition pursuant to 28 U.S.C. § 2254.[4] Weller argued the State neglected to enter evidence at his trial and that the transcript was altered to conceal this fact. *Weller v. Mahoney*, CV-10-21-DWM, Pet. at 4, ¶ 15A (filed May 11, 2010). Weller also argued he did not personally receive a complete copy of the transcript or discovery in his case. *Id*. at 5, ¶ 15B. The court ultimately dismissed the petition with prejudice as procedurally defaulted. *Weller v. Mahoney*, CV-10-21-DWM, Or. (D. Mont. July 14, 2010).

Weller then filed another habeas petition in the state court, continuing to insist that the State and the trial court falsified and altered the trial transcript, and also challenging the denial of his parole. *See Weller v. Mahoney*, OP 10-0566, Or. at 2 (Mont. Feb. 2, 2011). The Montana Supreme Court held that Weller's arguments relative to the transcript were barred by the doctrines of law of the case and *res judicata*. *Id*. at 3. Additionally, Weller had failed to establish a due process

---

[3] All state court briefs and opinions are available at: https://supremecourtdocket.mt.gov/search (accessed October 17, 2016).
[4] Weller had previously filed a motion, asking this Court to direct a state district court to rule on matters before it, which was construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See, *Weller v. State*, CV-09-67-DWM, Pet. (filed Nov. 13, 2009). The petition was deemed to be frivolous and was dismissed. *Weller v. State*, CV-09-67-DWM, Or. (D. Mont. Dec. 17, 2009).

4

violation by the Board of Pardons and Parole or that his statutory or constitutional rights had been violated. *Id*. at 4. The Court denied the petition was denied.

In July of 2011, Weller filed an amended petition for postconviction relief in the state court, again alleging ineffective assistance of trial and appellate counsel, that the prosecutor neglected to enter any evidence at trial, and that the State and the trial court illegally altered the transcripts. *See e.g.*, *Weller v. State*, 2012 MT 117N, Or, at ¶ 5 (Mont. May 29, 2012). The trial court denied the petition, reasoning that if Weller was unhappy with the original denial of his postconviction petition, the remedy was to file a direct appeal therefrom, not an untimely amended petition for postconviction relief. *Id*. On appeal from the denial of the amended petition, the Montana Supreme Court held that the trial court's findings were supported by substantial evidence and that it properly interpreted Montana law. The Court affirmed the decision denying Weller's petition as being procedurally barred. *Id*. at ¶ 7-8.

▪ **2012 Revocation Proceedings**

In 2012, the state filed a petition to revoke Weller's 2008 suspended sentence. In June of 2012, a hearing was held on the petition during which the trial court granted Weller's motion to remove appointed counsel and proceed pro se. Weller was found to have violated the terms and conditions of his sentence and the seventeen-year suspended sentence was revoked. Weller was sentenced to the

5

Montana Department of Corrections for the entire seventeen year term. Written judgment was entered on July 27, 2012.

Weller did not file a timely direct appeal. In February of 2013 he filed a petition for an out of time appeal, which was denied. *State v. Weller*, No. DA 13-0143, Or. (Mont. March 20, 2013). Weller proceeded to file a series of rather unconventional actions, all of which were denied. These included a Petition for a Writ of supervisory control, *State v. Weller*, No. OP 13-0247, Or. (Mont. May 29, 2013); a "Writ to Show Cause" directing the Montana Supreme Court to order the trial court to rule on one of Weller's motions, *Weller v. State*, No. OP 13-0703, Or. (Mont. Nov. 19, 2013); and a direct appeal from the trial court's denial of his motion to set aside the judgment under M.R. Civ. P. Rule 60(b), *State v. Weller*, No. DA 13-0814, 2014 MT 160N, ¶ 3, 375 Mont. 555, 346 P. 3d 1134.

In May 2013, Weller filed a petition for postconviction relief in the trial court alleging ineffective assistance of trial counsel and biased proceedings. The trial court denied relief finding that the claims lacked material support and that because the claims were not raised on direct appeal, they were procedurally barred under MCA § 46-5-105(2). On August 26, 2014, the Montana Supreme Court affirmed the trial count. *Weller v. State*, No. DA 13-0823, 2014 MT 233N, ¶ 4, 376 Mont. 549, 347 P. 3d 265.[5]

---

[5] As explained in a prior order from this Court, Weller's filing of the postcoviction petition, was the only action that

On March 23, 2015, Weller sought a writ of supervisory control asking the Montana Supreme Court to take over the criminal case underlying the 2008 conviction, Cause No. CDC-2007-07. Weller asserted he needed transcripts from that matter in order to prepare a state habeas petition. *Weller v. First. Jud. Dist. Ct.*, No. OP 15-0180, Or. (Mont. Apr. 7, 2015). Because Weller could not make a threshold showing establishing that the trial court was operating under a mistake of law, the Court denied his petition. *Id.* at 1. Weller next filed a writ of mandamus and request for production of the transcripts. *Weller v. State*, No. OP 15-0406, Or. (Mont. July 22, 2015). The Court held that there was no writ of extraordinary relief to available to Weller to secure the relief he sought, nor was mandamus appropriate. *Id.* at 4. Moreover, the Court found Weller's writ to be a successive attempt to revive claims upon which he had previously been denied relief. The Court found Weller had exhausted his procedural avenues and that the doctrine of law of the case and res judicata barred relief. *Id.* at 5.

▪**Federal Habeas Petition**

Weller did not file his federal habeas petition until July 20, 2016. (Doc. 1 at 39); *Houston v. Lack*, 487 U.S. 266, 276 (1988). According to this Court's calculations, Weller's federal petition should have been filed on or before January 7, 2015. Thus, the present petition was filed nearly one and one half years past the

---

constituted a "properly filed application" pursuant to 28 U.S.C. § 2244(d)(2). (Doc. 5 at 5). Thus, the postconviction proceedings and the appeal therefrom, was the only action that tolled the one-year federal filing period. *Id.* at 5-6.

filing deadline. See, (Doc. 5 at 5-6).

### III. Statute of Limitations Analysis

On September 15, 2016, Weller was ordered to show cause why his petition should not be dismissed as time-barred. He was directed to the ways in which he might make such a showing by demonstrating his petition is actually timely: establishing that he has been pursuing his rights diligently, but that an extraordinary circumstance prevented him from timely filing; or, presenting new evidence to prove that no reasonable fact finder could find him guilty beyond a reasonable doubt. *Id*. at 6. Weller timely responded. (Doc. 9.)

Weller contends that he is actually innocent of the 2002 PFMA conviction, discussed above, and, because that conviction served as the underlying predicate felony for his designation as a persistent felony offender in 2008, it follows, then, that he is actually innocent of the persistent felony offender enhancement. (Doc. 9 at 1-7).

A showing of actual innocence can support an equitable exception to the statute of limitations outlined at 28 U.S.C. § 2244. *Lee v. Lampert,* 653 F.3d 929, 937 (9th Cir.2011) (en banc); *McQuiggin v. Perkins,* ⎯⎯ U.S. ⎯⎯, ⎯⎯, 133 S.Ct. 1924, 1928 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the

8

*Schlup* gateway and have his constitutional claims heard on the merits." *Lee*, 653 F.3d at 937; *accord, McQuiggin,* 133 S.Ct. at 1928. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992) (*citing Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The Court then makes a " 'probabilistic determination about what reasonable, properly instructed jurors would do.' " *Schlup,* 513 U.S. at 330. This high threshold is rarely met. *Lee*, 653 F. 3d at 945; see also, *McQuiggin*, 133 S. Ct. at 1928 ("tenable actual-innocence gateway pleas are rare).

This Court is not persuaded by Weller's protestations that he is actually innocent of the 2002 PFMA to which he pled guilty. By electing to enter a plea and forego a trial, Weller also relinquished his right to challenge the evidence or the witnesses' testimony. His conclusory and self-serving attempts to question the validity of the conviction fourteen years after the fact is simply unavailing. Moreover, he has not presented new reliable evidence that would support a

credible claim of actual innocence, as to the 2002 PFMA conviction or the 2008 DUI/persistent felony offender convictions. Weller's own analysis of the witness statements and reports of law enforcement does not meet the new reliable evidence standard contemplated by *Schlup*.

Weller has not made a showing of actual innocence, but even if this Court were to agree, Weller already had an opportunity to make this argument in a prior habeas petition. See, *Weller v. Mahoney*, CV-10-21-DWM, Judg. (D. Mont. July 14, 2010). Thus, the actual innocence claim Weller seeks to advance relative to the 2002 and 2008 convictions in order to set aside the time-bar is second or successive in nature. A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). Weller had the ability to challenge the criminal judgments entered against him in the 2002 PFMA case and the 2008 DUI/Persistent Felony Offender case when he filed his previous federal habeas petition. He cannot do so now.

As to the 2012 revocation, Weller likewise has not made a compelling showing of actual innocence. As discussed above, his argument that the underlying 2002 PFMA conviction is infirm, thus, making the 2008 persistent felony offender

designation and, presumably the 2012 revocation all "facially invalid sentences" is not persuasive. Even assuming *arguendo*, Weller were able to make such a showing, this is a claim of legal innocence. In order to pass through the *Schlup* gateway to have his claim heard on the merits, that is not sufficient. Weller must establish his actual innocence. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley,* 523 U.S. 614, 623–24.

It appears that several alleged violations were lodged against Weller in the 2012 petition to revoke, including an allegation Weller had filed a false report[6] and what Weller characterizes as "technical violations" i.e.- that he had consumed alcohol and refused a breath test. (Doc. 1 at 7-8.) The allegation of false reporting was subsequently removed and an amended petition to revoke was filed. *See e.g.*. (Doc. 1-1 at 3-7; 29.)

In relation to what Weller characterizes as "technical violations," apparently Mr. Weller was found passed out on a lawn in a residential neighborhood by a law enforcement officer. *Id*. at 29. The officer who placed Weller under arrest smelled the odor of alcohol coming from Weller; Weller subsequently refused a breath test. The interaction was captured on video and was played for the trial judge during the revocation hearing. *Id*. Following testimony and evidence presented at the hearing, the trial court found Weller had violated the terms of his suspended

---

[6] The false report allegation stems from a complaint Weller made against court reporter Vickie Pratt in which he accuse her of altering transcripts from his 2008 trial pertaining to whether or not a break was taken at a specific point in trial. (Doc. 1-1 at 27; 29).

sentence.[7] As set forth above, Weller's suspended sentence was ultimately revoked and he was sentenced to the Montana Department of Corrections for seventeen years.

Again, Weller has not met the standard of actual innocence. He has failed to demonstrate, more likely than not, that no reasonable juror would have convicted him in light of the newly discovered evidence he has presented here. *See Lee*, 653 F.3d at 937; *McQuiggin,* 133 S.Ct. at 1928. As the Court reads Weller's filings relative to the 2012 revocation, Weller concedes that he committed a "technical violation." While the Court questions Weller's characterization of his actions as mere technical violations, the record presents ample support for the trial court's determination that Weller had violated his suspended sentence. Mr. Weller has presented no newly discovered evidence that would undermine the trial court's finding and revocation. Certainly, Weller has not "produce[d] proof of his innocence that is sufficient to convince [this Court] that a failure to entertain his claim would constitute a fundamental miscarriage of justice." *Larsen v. Soto*, 742 F. 3d 1083, 1095 (9th Cir. 2013). Rather, what the procedural history reveals is that Weller repeatedly attempted to use unconventional and, at times, ill-advised avenues to pursue appellate relief in the state courts and in so doing, neglected to

---

[7] Following the revocation hearing, but prior to sentencing, Weller sent a letter directly to the County Attorney, requesting alternative placement, including pre-release or treatment at Connections Corrections, rather than a prison sentence. (Doc. 1-2 at 9-12). The Court perceives this letter as an additional indication that Weller acknowledged he had violated the terms and conditions of his suspended sentence.

timely file his petition with this Court.

Because Weller has not made a convincing showing of actual innocence, he is not entitled to an equitable exception to the statute of limitations and his petition should be dismissed with prejudice as time-barred.

IV. **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Weller has not made a substantial showing that he was deprived of a constitutional right. Further, because he has not demonstrated a basis to excuse his untimely filing, reasonable jurists would find no basis to encourage further

13

proceedings. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Weller's third motion for counsel and for recusal (Doc. 8) is **DENIED**.

**RECOMMENDATIONS**

1. Weller's petition should be **DISMISSED WITH PREJUDICE** as time-barred.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A Certificate of Appealability should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Weller may object to this Findings and Recommendation within 14 days.[8] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Weller must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in

---

[8] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

dismissal of his case without notice to him.

DATED this 3rd day of November 2016.

                                                       /s/ John Johnston
                                                       John Johnston
                                                       United States Magistrate Judge