IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



| | |
|---|---|
| SHAWN HOWARD WELLER, | CV 16–65–H–DLC–JTJ |
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD, ATTORNEY GENERAL OF THE STATE OF MONTANA, et al., | |
| Respondents. | |

United States Magistrate Judge John Johnston entered his Order, Findings and Recommendations in this matter on November 3, 2016, recommending dismissal of Plaintiff Shawn Howard Weller's ("Weller") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Weller filed objections and is therefore entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been

committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Upon de novo review of the objections, the Court notes that Weller has lodged 10 separate objections to the Findings and Recommendations. However, seven of these objections fail to argue any legal fault with Judge Johnston's ultimate finding that Weller's petition is time barred. Because these seven objections do not impact Judge Johnston's recommendation to dismiss Weller's petition, the Court will not address them at length. Consequently, after de novo review, objections 1, 2, 3, 6, 7, 8, and 9 are overruled.

Nevertheless, Weller's fourth objection (Doc. 13 at 6–9) argues that Judge Johnston incorrectly determined that his habeas petition was filed more than year past the deadline mandated in 28 U.S.C. § 2254. However, after making this objection, Weller's argument in support apparently attempts to rehash other contentions put forward in his habeas petition where he contends his revocation sentence is unconstitutional. The Court has reviewed Judge Johnston's calculations as to Weller's deadline for filing his habeas petition (Doc. 5 at 5–6), and agrees with Judge Johnston that Weller needed to file his petition challenging his revocation sentence on or before January 7, 2015. Because Weller filed his petition on July 20, 2016 (Doc. 1 at 39), his petition is untimely. Weller's fourth objection is thus overruled.

Additionally, Weller's fifth objection (Doc. 13 at 10) attempts to challenge Judge Johnston's finding that Weller had failed to make a compelling showing of actual innocence that would have alleviated him of the time-bar. In this objection, Weller argues that Judge Johnston did not fully consider the exhibits filed in support of his argument of actual innocence. Weller also challenges a law enforcement report authored by a Lewis and Clark County deputy sheriff which describes the incident forming the basis for Weller's 2002 conviction for Partner Family Assault. Weller argues that the victim interviewed by the deputy sheriff, as well as the deputy sheriff, falsified key facts in the report and, as a result, the Court should view this report with disfavor.

The Court has reviewed the exhibits supplied by Weller and agrees with Judge Johnson that Weller has failed to make a compelling showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (holding that, under the standard of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt"). Importantly, Weller elected to forgo trial for the 2002 conviction for Partner Family Assault and, instead, pled guilty to the charge. If he wanted to argue that the deputy sheriff's report was falsified, he could have done so at trial. After review of the exhibits filed in support of his argument of actual

innocence, the Court concurs with Judge Johnston that Weller's claim is without merit.[1]

Finally, Weller's tenth objection (Doc. 13 at 14–16) objects to Judge Johnston's recommendation to deny a certificate of appealability. In support of this objection, Weller argues that Judge Johnston made the recommendation because he is "covering up for" various state judges involved with Weller's prior criminal proceedings. (Doc. 13 at 15.) The Court finds Weller's objection and subsequent argument to be wholly without merit and agrees with Judge Johnston that Weller has not made a substantial showing of a denial of a constitutional right and should not be encouraged to pursue further proceedings. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Weller's petition is untimely and he has not demonstrated a basis to excuse the late filing. Accordingly, the Court will overrule Weller's objection.

IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 10) are ADOPTED IN FULL.

(2) Plaintiff Shawn Howard Weller's petition is (Doc. 1) is DISMISSED

---

[1] The Court notes that Weller argues that he was coerced into taking a plea agreement by his attorney. Weller, however, fails to allege any factual support for this statement and the Court concludes that it is conclusory and without merit.

WITH PREJUDICE as time-barred.

(3) The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

(4) A Certificate of Appealability is DENIED.

DATED this 17th day of January, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court